**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| ALICIA SANCHEZ, as special administrator of the Estate of FRANCISCO MARCHAN, Deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 18-cv-8281 |
| CITY OF CHICAGO, a municipal corporation, OFFICERS JAMES RICHARDS, Jr., K.G. KENDZIOR, A.R. STRAZZATE, D.J. CWYNER, M.A. CHOJNACKI, SGT. ROBER BOWEN, W. LOHSE and M.F. SANTIAGO and UNKNOWN CHICAGO POLICE OFFICERS, individually and as agents, servants, and/or employees of City of Chicago, COOK COUNTY SHERIFF THOMAS DART, THE COUNTY OF COOK and UNKNOWN COOK COUNTY SHERIFF OFFICERS, individually and as agents, servants, and/or employees of Cook County Sheriff Thomas Dart, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **JURY DEMAND**  Honorable Elaine E. Bucklo |
| Defendants. | ) | |

**AMENDED COMPLAINT AT LAW**

NOW COMES the plaintiff, ALICIA SANCHEZ, as Special Administrator of the Estate of FRANCISCO MARCHAN, deceased, by and through her attorneys, SAMUEL SHIM and FRANK VASQUEZ, complaining of the defendants CITY OF CHICAGO, a municipal corporation, OFFICERS JAMES RICHARDS, Jr., K.G. KENDZIOR, A.R. STRAZZATE, D.J. CWYNER, M.A. CHOJNACKI, SGT. ROBERT BOWEN, W. LOHSE and M.F. SANTIAGO UNKNOWN CHICAGO POLICE OFFICERS, individually and as agents, servants and/or employees of city of Chicago, COOK COUNTY SHERIFF THOMAS DART, THE COUNTY OF COOK, AND UNKNOWN COOK COUNTY SHERIFF OFFICERS, individually and as agents, servants, and/or employees of COOK COUNTY SHERIFF THOMAS DART, states as follows:

## PARTIES and JURISDICTION

1.      Plaintiff, ALICIA SANCHEZ, is a resident of Cook County, Illinois.

2.      Defendant City of Chicago is a Municipal Corporation, duly incorporated under the laws of the State of Illinois, and is, or was at all relevant times, the employer and principal of the Defendant Chicago Police Officers. If the plaintiff should prevail on her claims, defendant CITY is liable to Plaintiff as the principal on Plaintiff's state law claims, and must indemnify defendant Chicago Police Officers on Plaintiff's federal claims pursuant to 735 ILCS 10/9-102.

3.      Defendant Chicago Police Officers, upon information and belief, are residents of Chicago, Cook County, Illinois and were employed by the defendant City of Chicago as police officers during the relevant time period.

4.      Defendant Cook County Sheriff Thomas Dart was the duly elected Sheriff of Cook County and the employer of Defendants Unknown Cook County Sheriff Officers. Defendant Cook County Sheriff Thomas Dart is liable for the wrongful acts of the Defendants Unknown Cook County Sheriff Officers while acting in the course and scope of their employment.

5.      Defendant Cook County is obligated to indemnify Defendant Cook County Sheriff Thomas Dart for any judgments entered against him in his official capacity pursuant to 745 ILCS 10/9-102.

6.      Unknown Cook County Sheriff Officers, upon information and belief are residents of Cook County, Illinois and were employed by the defendant Cook County Sheriff THOMAS DART as Cook County Correctional Officers during the relevant time period.

7.      All events described herein occurred in Cook County, Illinois.

## FACTS

8.      On November 26, 2017, the deceased, FRANCISCO MARCHAN, was a resident of the city of Chicago, county of Cook, state of Illinois.

9.      On that date, at or near the intersection of Lemoyne and Pulaski Road, Chicago, Illinois, decedent FRANCISCO MARCHAN was involved in an automobile collision with another vehicle.

10.     Upon information and belief, the decedent sustained significant injuries to his head and other parts of his body.

11.     Defendant Chicago Police Officers who responded to the scene of the accident arrested and detained MARCHAN at the intersection of Lemoyne and Pulaski Road.

12.     Defendant Chicago Police Officers did not call for an ambulance for MARCHAN even though he had sustained serious injuries as a result of the automobile accident.

13.     Defendant Chicago Police Officers transferred MARCHAN in their squad car to the 25th Police District and continued to detain MARCHAN without seeking medical assistance for him.

14.     During their detention of MARCHAN, defendant Chicago Police Officers, upon information and belief, used excessive force on MARCHAN and exerted physical pressure on the decedent MARCHAN's head, neck, shoulders, chest and back and otherwise battered MARCHAN.

15.     Defendant Chicago Police Officers' use of force and methods of restraint caused MARCHAN to sustain further injuries.

16.     MARCHAN was subsequently transferred to the custody of Cook County Sheriff's Office.

17.     While in Cook County Jail, MARCHAN fell and sustained further injuries to his head.

18.    MARCHAN was transferred to Stroger Hospital where he was pronounced dead on November 29, 2017.

## COUNT I

### WRONGFUL DEATH
### (CHICAGO POLICE OFFICERS)

19.    The plaintiff ALICIAN SANCHEZ is the common law wife of FRANCISCO MARCHAN, deceased, and has been appointed Special Administrator of the Estate of FRANCISCO MARCHAN.

20.    On November 26, 2017, the defendant Chicago Police Officers were employees of the City of Chicago.

21.    On November 26, 2017, and for all times stated herein Defendant Chicago Police Officers were agents, servants, and/or employees of the Chicago Police Department, and were acting within the scope of their employment.

22.    On November 26, 2017, and for a longtime prior thereto the CITY OF CHICAGO owned, operated, maintained, and controlled a Police Station located at 5555 West Grand Avenue, Chicago, Illinois, also known as the 25th Police District.

23.    On November 26, 2017, Defendant Chicago Police Officers arrested FRANCISCO MARCHAN and transported him to the 25th District Police Station where he was placed in police custody and in a jail cell.

24.    Defendant Chicago Police Officers did not seek any medical treatment for the decedent during or subsequent to arresting the decedent.

25.    During their detention of MARCHAN, one or more of defendant Chicago Police Officers, upon information and belief, used excessive force on MARCHAN and exerted physical pressure on the decedent MARCHAN's head, neck, shoulders, chest and back.

26.     At the aforesaid time and place, defendant Chicago Police Officers assumed custody and control of the decedent, but failed to respond to FRANCISCO MARCHAN's complaints that he was not feeling well, that his head was hurting, and that he needed medical attention.

27.     Upon information and belief, FRANCISCO MARCHAN, suffered from a blood clot and/or other bodily injuries while in custody of the Chicago Police Department and later died.

28.     At all times complained of herein Defendant Chicago Police Officers were aware of FRANCISCO MARCHAN'S deteriorating medical condition, but willfully failed to timely act to prevent MARCHAN's medical condition from deteriorating.

29.     At all times complained of herein Defendant Chicago Police Officers, even though they were aware of FRANCISCO MARCHAN's injuries which required medical attention, did not seek any medical treatment for FRANCISCO MARCHAN.

30.     At all times complained of herein Defendant Chicago Police Officers, instead of seeking medical treatment and assistance for FRANCISCO MARCHAN, intentionally delayed transfer of custody of FRANCISCO MARCHAN to the COOK COUNTY SHERIFF'S OFFICE for the purpose of having MARCHAN appear before a Cook County Circuit Court Judge for his bond hearing.

31.     That on or about November 26, 2017, and at all times relevant stated herein Defendant Chicago Police Officers were liable for their negligent acts, willful and wanton conduct, and were acting within the course, and the scope of their employment.

32.     At all times relevant herein it was the duty of the Defendant Chicago Police Officers to refrain from willful and/or negligent conduct.

33.     At the aforesaid time and place the deceased FRANCISCO MARCHAN was exercising reasonable care for his own safety.

34.    At all times relevant, Defendant Chicago Police Officers owed a duty to refrain from engaging in willful and wanton negligence.

35.    Notwithstanding said duty, Defendant Chicago Police Officers breached their aforementioned duties and were guilty of one or more of the following willful and negligent acts or omissions:

a.    Failed to immediately seek medical care and/or treatment for FRANCISCO MARCHAN;

b.    Failed to properly respond to FRANCISCO MARCHAN's complaints and need for medical care and/or treatment;

c.    Failed to recognize that FRANCISCO MARCHAN was seriously ill, needed medical attention, and needed to be removed from the jail cell for immediate medical attention;

d.    Failed to act in a timely manner to prevent FRANCISCO MARCHAN's health condition from deteriorating;

e.    Failed to properly supervise the Defendant Chicago Police Officers who were responsible for the decedent's care and custody while in the police station lockup;

f.    Failed to adequately check on the "well-being" of FRANCISCO MARCHAN prior to the plaintiff eventually dying;

g.    Failed to adhere to longstanding department rules, regulations and directives concerning care and custody of arrestees such as FRANCISCO MARCHAN;

h.    Intentionally ignored the serious nature of the decedent's illness and complaints and request for immediate medical care;

       i.      Intentionally allowed the decedent to remain in a desperately ill state for an excess period of time when he needed immediate medical care;

       j.      Was otherwise careless and negligent.

36.     That as a direct and proximate result of one or more of the foregoing willful careless and negligent acts or omissions by the Defendant Chicago Police Officers, FRANCISCO MARCHAN suffered severe mental and physical pain, medical expenses and death.

37.     That as a direct result of the death of plaintiff's decedent FRANCISCO MARCHAN, his next of kin have suffered great losses of a personal and pecuniary nature including grief and sorrow and loss of companionship and society, subjecting Defendant Chicago Police Officers to liability pursuant to 740 ILCS 180/1 et seq., commonly referred to as the Wrongful Death Act.

     WHEREFORE, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 *et. seq.*, plaintiff ALICIA SANCHEZ, in her capacity as Special Administrator of the Estate of FRANCISCO MARCHAN deceased, demands judgment against Defendant Chicago Police Officers, individually and as agents, servants, and/or employees of the CITY OF CHICAGO, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

## COUNT II

### SURVIVAL COUNT
### (CHICAGO POLICE OFFICERS)

38.     The Plaintiff repeats and re-alleges the preceding paragraphs of the complaint as if fully set forth herein.

39.     As a direct and proximate result of one or more of the aforementioned acts or omissions of the Defendant Chicago Police Officers, the Plaintiff's decedent, FRANCISCO MARCHAN, suffered serious injuries of a personal and pecuniary nature, including, but not limited to, great

pain and suffering before his death and medical expenses, subjecting the Defendant to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Statute.

WHEREFORE, plaintiff ALICIA SANCHEZ, in her capacity as Special Administrator of the Estate of FRANCISCO MARCHAN deceased, demands judgment against Defendant Chicago Police Officers in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

## COUNT III

### WRONGFUL DEATH
### (CITY OF CHICAGO)

40.     The Plaintiff repeats and re-alleges the preceding paragraphs of the complaint as if fully set forth herein.

41.     At all times relevant, it was the duty of the Defendant, CITY OF CHICAGO, by and through its duly authorized agents, servants, and/or employee police officers, including the Defendant Chicago Police Officers, to refrain from conduct exhibiting a reckless or conscious disregard for the safety and welfare of others, including the decedent, FRANCISCO MARCHAN.

42.     Notwithstanding said duty, the Defendant CITY OF CHICAGO, by and through its authorized agents, servants, and/or employee police officers breached their aforementioned duties and were guilty of one or more of the following willful and negligent acts or omissions:

a.      Failed to immediately seek medical care and/or treatment for FRANCISCO MARCHAN;

b.      Failed to properly respond to FRANCISCO MARCHAN's complaints and need for medical care and/or treatment;

c.       Failed to recognize that FRANCISCO MARCHAN was seriously ill, needed medical attention, and needed to be removed from the jail cell for immediate medical attention;

d.       Failed to act in a timely manner to prevent FRANCISCO MARCHAN's health condition from deteriorating;

e.       Failed to properly supervise the Defendant Chicago Police Officers who were responsible for the decedent's care and custody while in the police station lockup;

f.       Failed to adequately check on the "well-being" of FRANCISCO MARCHAN prior to the plaintiff eventually dying;

g.       Failed to adhere to longstanding department rules, regulations and directives concerning care and custody of arrestees such as FRANCISCO MARCHAN;

h.       intentionally ignored the serious nature of the decedent's illness and complaints and request for immediate medical care;

i.       intentionally allowed the decedent to remain in a desperately ill state for an excess period of time when he needed immediate medical care;

j.       Was otherwise careless and negligent.

43.     That as a direct and proximate result of one or more of the foregoing willful careless and negligent acts or omissions by the defendant CITY OF CHICAGO, FRANCISCO MARCHAN suffered severe mental and physical pain, medical expenses and death.

44.     That as a direct result of the death of plaintiff's decedent FRANCISCO MARCHAN, his next of kin have suffered great losses of a personal and pecuniary nature including grief and sorrow and loss of companionship and society, subjecting defendant CITY OF CHICAGO to liability pursuant to 740 ILCS 180/1 et seq., commonly referred to as the Wrongful Death Act.

WHEREFORE, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 *et. seq.*, plaintiff ALICIA SANCHEZ, in her capacity as Special Administrator of the Estate of FRANCISCO MARCHAN deceased, demands judgment against Defendant Chicago Police Officers, individually and as agents, servants, and/or employees of the CITY OF CHICAGO, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

## COUNT IV

### SURVIVAL COUNT
### (CITY OF CHICAGO)

45.     The Plaintiff repeats and re-alleges the preceding paragraphs of the complaint as if fully set forth herein.

46.     As a direct and proximate result of one or more of the aforementioned acts or omissions of the Defendant, the Plaintiff's decedent, FRANCISCO MARCHAN, suffered serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death and medical expenses, subjecting the Defendant to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Statute.

WHEREFORE, plaintiff ALICIA SANCHEZ, in her capacity as Special Administrator of the Estate of FRANCISCO MARCHAN deceased, demands judgment against defendant CITY OF CHICAGO in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

## COUNT V

### WRONGFUL DEATH
### (UNKNOWN COOK COUNTY SHERIFF OFFICERS)

47.     The Plaintiff repeats and re-alleges the preceding paragraphs of the complaint as if fully set forth herein.

48.     That decedent FRANCISCO MARCHAN was transferred to the custody of the

UNKNOWN COOK COUNTY SHERIFF OFFICERS by the members of the Chicago Police

Department, upon information and belief, on or about November 29, 2017.

49.     That at the aforesaid time and place, defendants, UNKNOWN COOK COUNTY

SHERIFF OFFICERS assumed custody and control of the decedent, but failed to respond to

FRANCISCO MARCHAN's complaints that he was not feeling well, that his head was hurting,

and that he needed medical attention.

50.     That, upon information and belief, FRANCISCO MARCHAN, suffered from a blood clot

and/or other bodily injuries while in custody of the COOK COUNTY SHERIFF'S

DEPARTMENT and later died.

51.     That at all times complained of herein UNKNOWN COOK COUNTY SHERIFF

OFFICERS were aware of FRANCISCO MARCHAN'S deteriorating medical condition, but

willfully failed to act to prevent MARCHAN's medical condition from deteriorating.

52.     That at all times complained of herein UNKNOWN COOK COUNTY SHERIFF

OFFICERS, even though they were aware of FRANCISCO MARCHAN's injuries which

required medical attention, did not seek any medical treatment for FRANCISCO MARCHAN.

53.     That on or about November 29, 2017, and at all times relevant stated herein defendants

UNKNOWN COOK COUNTY SHERIFF OFFICERS were liable for their negligent acts,

willful and wanton conduct, and were acting within the course and scope of their employment.

54.     At all times relevant herein it was the duty of the defendants UNKNOWN COOK

COUNTY SHERIFF OFFICERS to refrain from willful negligent conduct.

55.     That at the aforesaid time and place the deceased FRANCISCO MARCHAN was

exercising reasonable care for his own safety.

56.     That at all times relevant, defendants UNKNOWN COOK COUNTY SHERIFF OFFICERS owed a duty to refrain from engaging in willful and wanton negligence.

57.     That notwithstanding said duty, the defendants UNKNOWN COOK COUNTY SHERIFF OFFICERS, breached their aforementioned duties and were guilty of one or more of the following willful and negligent acts or omissions:

     a.     Failed to immediately seek medical care and/or treatment for FRANCISCO MARCHAN;

     b.     Failed to properly respond to FRANCISCO MARCHAN's complaints and need for medical care and/or treatment;

     c.     Failed to recognize that FRANCISCO MARCHAN was seriously ill, needed medical attention, and needed to be removed from the jail cell for immediate medical attention;

     d.     Failed to act in a timely manner to prevent FRANCISCO MARCHAN's health condition from deteriorating;

     e.     Failed to properly supervise the UNKNOWN COOK COUNTY SHERIFF OFFICERS who were responsible for the decedent's care and custody while in the police station lockup;

     f.     Failed to adequately check on the "well-being" of FRANCISCO MARCHAN prior to the decedent eventually dying;

     g.     Failed to adhere to longstanding department rules, regulations and directives concerning care and custody of arrestees such as FRANCISCO MARCHAN;

     h.     Intentionally ignored the serious nature of the decedent's illness and complaints and request for immediate medical care;

i.  Intentionally allowed the decedent to remain in a desperately ill state for an excess period of time when he needed immediate medical care;

j.  Was otherwise careless and negligent.

58.  That as a direct and proximate result of one or more of the foregoing willful careless and negligent acts or omissions by the defendants UNKNOWN COOK COUNTY SHERIFF OFFICERS, FRANCISCO MARCHAN suffered severe mental and physical pain, medical expenses and death.

59.  That as a direct result of the death of plaintiff's decedent FRANCISCO MARCHAN, his next of kin have suffered great losses of a personal and pecuniary nature including grief and sorrow and loss of companionship and society, subjecting defendants UNKNOWN COOK COUNTY SHERIFF OFFICERS to liability pursuant to 740 ILCS 180/1 et seq., commonly referred to as the Wrongful Death Act.

WHEREFORE, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et. Seq., plaintiff ALICIA SANCHEZ, in her capacity as Special Administrator of the Estate of FRANCISCO MARCHAN deceased, demands judgment against defendants UNKNOWN COOK COUNTY SHERIFF OFFICERS, individually and as agents, servants, and/or employees of the COOK COUNTY SHERIFF'S OFFICE, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

## COUNT VI

### SURVIVAL COUNT
### (UNKNOWN COOK COUNTY SHERIFF OFFICERS)

60.  The Plaintiff repeats and re-alleges the preceding paragraphs of the complaint as if fully set forth herein.

61.     As a direct and proximate result of one or more of the aforementioned acts or omissions of the Defendants, the Plaintiff's decedent, FRANCISCO MARCHAN, suffered serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death and medical expenses, subjecting the Defendant to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Statute.

    WHEREFORE, plaintiff ALICIA SANCHEZ, in her capacity as Special Administrator of the Estate of FRANCISCO MARCHAN deceased, demands judgment against the defendants UNKNOWN COOK COUNTY SHERIFF OFFICERS in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

### COUNT VII

### WRONGFUL DEATH
### (COOK COUNTY SHERIFF THOMAS DART)

62.     The Plaintiff repeats and re-alleges the preceding paragraphs of the complaint as if fully set forth herein.

63.     At all times relevant, it was the duty of the Defendant, COOK COUNTY SHERIFF THOMAS DART, by and through its duly authorized agents, servants, and/or employee police officers, including the UNKNOWN COOK COUNTY SHERIFF OFFICERS, to refrain from conduct exhibiting a reckless or conscious disregard for the safety and welfare of others, including the decedent, FRANCISCO MARCHAN.

64.     Notwithstanding said duty, the Defendant COOK COUNTY SHERIFF THOMAS DART, by and through its authorized agents, servants, and/or employee police officers breached their aforementioned duties and were guilty of one or more of the following willful and negligent acts or omissions:

a.  Failed to immediately seek medical care and/or treatment for FRANCISCO MARCHAN;

b.  Failed to properly respond to FRANCISCO MARCHAN's complaints and need for medical care and/or treatment;

c.  Failed to recognize that FRANCISCO MARCHAN was seriously ill, needed medical attention, and needed to be removed from the jail cell for immediate medical attention;

d.  Failed to act in a timely manner to prevent FRANCISCO MARCHAN's health condition from deteriorating;

e.  Failed to properly supervise the UNKNOWN COOK COUNTY SHERIFF OFFICERS who were responsible for the decedent's care and custody while in the police station lockup;

f.  Failed to adequately check on the "well-being" of FRANCISCO MARCHAN prior to the decedent eventually dying;

g.  Failed to adhere to longstanding department rules, regulations and directives concerning care and custody of arrestees such as FRANCISCO MARCHAN;

h.  Intentionally ignored the serious nature of the decedent's illness and complaints and request for immediate medical care;

i.  Intentionally allowed the decedent to remain in a desperately ill state for an excess period of time when he needed immediate medical care;

j.  Was otherwise careless and negligent.

65.  That as a direct and proximate result of one or more of the foregoing willful careless and negligent acts or omissions by the defendant COOK COUNTY SHERIFF THOMAS DART,

FRANCISCO MARCHAN suffered severe mental and physical pain, medical expenses and death.

66.     That as a direct result of the death of plaintiff's decedent FRANCISCO MARCHAN, his next of kin have suffered great losses of a personal and pecuniary nature including grief and sorrow and loss of companionship and society, subjecting defendant COOK COUNTY SHERIFF THOMAS DART to liability pursuant to 740 ILCS 180/1 et seq., commonly referred to as the Wrongful Death Act.

WHEREFORE, pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 et. Seq., plaintiff ALICIA SANCHEZ, in her capacity as Special Administrator of the Estate of FRANCISCO MARCHAN deceased, demands judgment against defendant COOK COUNTY SHERIFF THOMAS DART, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

## COUNT IV

### SURVIVAL COUNT
### (COOK COUNTY SHERIFF THOMAS DART)

67.     The Plaintiff repeats and re-alleges the preceding paragraphs of the complaint as if fully set forth herein.

68.     As a direct and proximate result of one or more of the aforementioned acts or omissions of the Defendant, the Plaintiff's decedent, FRANCISCO MARCHAN, suffered serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death and medical expenses, subjecting the Defendant to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Statute.

WHEREFORE, plaintiff ALICIA SANCHEZ, in her capacity as Special Administrator of the Estate of FRANCISCO MARCHAN deceased, demands judgment against the defendant

COOK COUNTY SHERIFF THOMAS DART in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

## COUNT VII

### INDEMNITY CLAIM
### (CITY OF CHICAGO)

69.     The Plaintiff repeats and re-alleges the preceding paragraphs of the complaint as if fully set forth herein.

70.     In committing the acts described in the Complaint, the Defendant Chicago Police Officers were employed by and were agents of the Defendant CITY OF CHICAGO.

71.     Defendant, CITY OF CHICAGO, has a duty to indemnify the Defendant Chicago Police Officers for the acts committed within the course and scope of their employment pursuant to 745 ILCS 10/9-102.

WHEREFORE, plaintiff ALICIA SANCHEZ, in her capacity as Special Administrator of the Estate of FRANCISCO MARCHAN deceased, demands judgment against defendant CITY OF CHICAGO in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

## COUNT VIII

### INDEMNITY CLAIM
### (COOK COUNTY)

72.     The Plaintiff repeats and re-alleges the preceding paragraphs of the complaint as if fully set forth herein.

73.     In committing the acts described in the Complaint, the Defendants UNKNOWN COOK COUNTY SHERIFF OFFICERS were employed by and were agents of the Defendant COOK COUNTY.

74.     Defendant, COOK COUNTY, has a duty to indemnify the Defendants UNKNOWN COOK COUNTY SHERIFF OFFICERS for the acts committed within the course and scope of their employment pursuant to 745 ILCS 10/9-102.

        WHEREFORE, plaintiff ALICIA SANCHEZ, in her capacity as Special Administrator of the Estate of FRANCISCO MARCHAN deceased, demands judgment against defendant COOK COUNTY in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

### COUNT IX

**VIOLATION OF 42 U.S.C. § 1983**
**Denial of Medical Care (Fourth Amendment)**
**(COOK COUNTY SHERIFF THOMAS DART)**

75.     The Plaintiff repeats and re-alleges the preceding paragraphs of the complaint as if fully set forth herein.

76.     As described more fully above, FRANCISCO MARCHAN had serious medical needs. Defendants were aware of FRANCISCO MARCHAN's medical needs and the seriousness of those needs.

77.     Despite that knowledge, Defendants failed to provide FRANCISCO MARCHAN with adequate medical attention.

78.     The misconduct described in this Count was objectively unreasonable. Alternatively, the misconduct was undertaken intentionally, with malice, and/or reckless indifference to FRANCISCO MARCHAN's safety and health.

79.     As a result of Defendants' unjustified and unconstitutional conduct, FRANCISCO MARCHAN's constitutional rights were violated and he suffered physical, emotional and psychological injuries and death.

80.     FRANCISCO MARCHAN's injuries and death were caused by the policies, practices, and customs of Defendant.

81.     At all times relevant to events at issue in this case, Defendant was responsible for ensuring that individuals housed in the Cook County Jail facilities received constitutionally adequate medical care and was equally responsible for the creation, implementation, oversight, and supervision of policies, practices, and customs regarding the provision of medical care to persons in the custody of the defendant.

82.     The above widespread practices and customs, so well settled as to constitute *de facto* policies of the County of Cook Sheriff, were able to exist and thrive, individually and/or together, because one or more policymakers at the Cook County Sheriff's Department, with authority over those policies, practices, and customs, exhibited deliberate indifference to the problem, thereby effectively ratifying it.

83.     Additionally, at all times relevant to the events described in this Complaint and for a period of time before and after, Defendant Dart, in his official capacity, failed to promulgate proper or adequate policies, practices, customs, or procedures to ensure that adequate medical care was provided to individuals at the Cook County Jail.

84.     The misconduct described in this Count was undertaken pursuant to the policies and practices of the County of Cook in that the constitutional violations committed against FRANCISCO MARCHAN were committed with the knowledge and approval of persons with final policymaking authority for Cook County, or were actually committed by persons with such final policymaking authority.

85.     FRANCISCO MARCHAN's injuries and death were caused by officers, agents, and employees of the Cook County Sheriff's Department, including but not limited to the individually named Defendants, who acted pursuant to one or more of the policies, practices, and customs set forth above in engaging in the misconduct described in this Count

WHEREFORE, plaintiff ALICIA SANCHEZ, in her capacity as Special Administrator of the Estate of FRANCISCO MARCHAN deceased, demands judgment against defendant COOK COUNTY SHERIFF DART in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

## COUNT X

### VIOLATION OF 42 U.S.C. § 1983
### Failure to Intervene (Fourth & Fourteenth Amendment)
### (COOK COUNTY SHERIFF THOMAS DART)

86.     The Plaintiff repeats and re-alleges the preceding paragraphs of the complaint as if fully set forth herein.

87.     As described more fully above, Defendant had a reasonable opportunity to prevent the violation of FRANCISCO MARCHAN's constitutional rights as set forth above had they been so inclined, but failed to do so.

88.      In fact, written policies at the Cook County Jail required Defendants to notify a supervisor and call an ambulance in the event of a medical emergency.

89.     Defendant's failures to act were objectively unreasonable. Alternatively, and/or additionally, Defendant's failures to act were intentional, done with malice, and/or done with reckless indifference to FRANCISCO MARCHAN's rights.

90.      As a result of Defendant's unjustified and unconstitutional conduct, FRANCISCO MARCHAN's constitutional rights were violated and he suffered physical, emotional, and psychological injuries and death.

WHEREFORE, plaintiff ALICIA SANCHEZ, in her capacity as Special Administrator of the Estate of FRANCISCO MARCHAN deceased, demands judgment against defendant COOK COUNTY SHERIFF THOMAS DART in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

## COUNT XI

### VIOLATION OF 42 U.S.C. § 1983
### Denial of Medical Care (Fourth Amendment)
### (OFFICERS JAMES RICHARDS, Jr., K.G. KENDZIOR, A.R. STRAZZATE, D.J.
### CWYNER, M.A. CHOJNACKI, SGT. ROBER BOWEN, W. LOHSE and M.F.
### SANTIAGO and Unknown Chicago Police Officers)

91.     The Plaintiff repeats and re-alleges the preceding paragraphs of the complaint as if fully

set forth herein.

92.     As described more fully above, FRANCISCO MARCHAN had serious medical needs.

Defendant Chicago Police officers were aware of FRANCISCO MARCHAN's medical needs

and the seriousness of those needs.

93.     Despite that knowledge, individual defendant Chicago Police officers failed to provide

FRANCISCO MARCHAN with adequate medical attention.

94.     The misconduct described in this Count was objectively unreasonable. Alternatively, the

misconduct was undertaken intentionally, with malice, and/or reckless indifference to

FRANCISCO MARCHAN's safety and health.

95.     As a result of Defendant's unjustified and unconstitutional conduct, FRANCISCO

MARCHAN's constitutional rights were violated and he suffered physical, emotional and

psychological injuries and death.

96.     FRANCISCO MARCHAN's injuries and death were caused by the intentional acts and/or

omissions of the individual defendants.

97.     At all times relevant to events at issue in this case, individual defendants were

responsible for ensuring that individuals housed in the Chicago Police Jail facilities received

constitutionally adequate medical care, and were equally responsible for the creation,

implementation, oversight, and supervision of policies, practices, and customs regarding the

provision of medical care to persons in the custody of the Chicago Police Department.

98.     FRANCISCO MARCHAN's injuries and death were caused by officers, agents, and employees of the City of Chicago, including but not limited to the individually named Defendants, who acted with malice and/or done with reckless indifference to FRANCISCO MARCHAN's rights.

WHEREFORE, plaintiff ALICIA SANCHEZ, in her capacity as Special Administrator of the Estate of FRANCISCO MARCHAN deceased, demands judgment against individual defendants named in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

**COUNT XII**

**VIOLATION OF 42 U.S.C. § 1983**
**Fourth Amendment Excessive Force**
**(OFFICERS JAMES RICHARDS, Jr., K.G. KENDZIOR, A.R. STRAZZATE, D.J. CWYNER, M.A. CHOJNACKI, SGT. ROBER BOWEN, W. LOHSE and M.F. SANTIAGO and Unknown Chicago Police Officers)**

99.     The Plaintiff repeats and re-alleges the preceding paragraphs of the complaint as if fully set forth herein.

100.    As described more fully above, one or more of the defendant Chicago Police officers, upon information and belief, subjected decedent FRANCISCO MARCHAN to excessive force in violation of the Fourth Amendment to the United State's Constitution.

101.    Defendant Chicago Police officers' conduct was objectively unreasonable under the totality of the circumstances.

102.    As a result of defendants' unjustified and unconstitutional acts and omissions, FRANCISCO MARCHAN's constitutional rights were violated and he suffered physical, emotional and psychological injuries and death and his estate has incurred medical and funeral expenses.

WHEREFORE, plaintiff ALICIA SANCHEZ, in her capacity as Special Administrator of the Estate of FRANCISCO MARCHAN deceased, demands judgment against individual defendants in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

## COUNT XIII

**VIOLATION OF 42 U.S.C. § 1983**
**Failure to Intervene (Fourth & Fourteenth Amendment)**
**(OFFICERS JAMES RICHARDS, Jr., K.G. KENDZIOR, A.R. STRAZZATE, D.J.**
**CWYNER, M.A. CHOJNACKI, SGT. ROBER BOWEN, W. LOHSE and M.F.**
**SANTIAGO and Unknown Chicago Police Officers)**

103. The Plaintiff repeats and re-alleges the preceding paragraphs of the complaint as if fully set forth herein.

104. As described more fully above, individual defendants had a reasonable opportunity to prevent the violation of FRANCISCO MARCHAN's constitutional rights as set forth above had they been so inclined, but failed to do so.

105. The individual defendants had the opportunity to call for medical assistance but intentionally chose not to call for an ambulance even though they knew that MARCHAN was in desperate need of medical assistance and intervention.

106. Moreover, one or more of the individual defendants, upon information and belief, subjected MARCHAN to excessive force in violation of the Fourth Amendment to the United States' Constitution.

107. One or more of the other defendant Chicago Police Officers were aware of their fellow officers' misconduct, and had a reasonable opportunity to intervene to protective FRANCISCO MARCHAN from harm, but failed to do so.

108. Defendant Chicago Police officers' failures to act were objectively unreasonable under the totality of the circumstances.

109.    Alternatively, and/or additionally, Defendant's failures to act were intentional, done with malice, and/or done with reckless indifference to FRANCISCO MARCHAN's rights.

110.     As a result of Defendant's unjustified and unconstitutional conduct, FRANCISCO MARCHAN's constitutional rights were violated and he suffered physical, emotional, and psychological injuries and death.

WHEREFORE, plaintiff ALICIA SANCHEZ, in her capacity as Special Administrator of the Estate of FRANCISCO MARCHAN deceased, demands judgment against individual defendants in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.

## COUNT XIV
## VIOLATION OF 42 U.S.C. § 1983
### (Monell Claim Against City of Chicago)

111.    The Plaintiff repeats and re-alleges the preceding paragraphs of the complaint as if fully set forth herein.

112.    The misconduct of defendant Chicago Police officers alleged above was undertaken pursuant to the policy and practice of the City of Chicago.

113.    As a matter of both policy and practice, the City of Chicago has encouraged the type of misconduct at issue in this case by failing to adequately investigate in-custody civilian deaths and failing to discipline Chicago police officers involved, and Defendant CITY's failure to do so constitutes deliberate indifference.

114.     The City of Chicago has encouraged its police department to protect its police officers from any accountability. The City has allowed and encouraged a practice whereby Chicago police Detectives are allowed to conduct their interviews of witnesses and accused officers before any investigator from the Police Review Authority (IPRA) is allowed to do so. During

their investigations into officer-involved deaths, the Chicago Police Detectives who are assigned to investigated these types of cases steer their investigations of in-custody deaths in favor of the accused officers by methods such as dismissing witnesses who are unfavorable to the officers involved and then not recording these witnesses' presence on scene; by manipulating, lying to, coercing and/or pressuring witnesses in to changing their testimony to reflect more favorably upon the officers involved; by recording witness statements inaccurately, by counseling or advising the officers involved in what to say to avoid discipline or liability for their actions; by failing to collect or preserve evidence that would not reflect favorably upon the officers involved; and by misleading prosecutors about the evidence to ensure that the police officers are shielded from discipline, liability, and prosecution.

115.    A code of silence has existed inside the Chicago Police Department for decades and Defendant CITY has long been aware of it, but has done almost nothing to address or correct this problem until very recently.

116.    Chicago police officers who observe misconduct by their fellow officers but do not report it are not held accountable for their failure to do so.

117.    Whistleblowers within the Chicago Police Department are not protected or supported by the Chicago Police Department and Defendant CITY. Chicago police officers who report the misconduct of other officers are subjected to unbearable working conditions and are ridiculed and shunned by their fellow officers, thereby discouraging them and other officers from reporting misconduct they observe. Instead of guarding against this treatment of whistleblowers, CPD supervisory staff either participates in it or turns a blind eye to it.

118.    Thus, Chicago police officers who use excessive force on civilians know they can act with impunity, even if their misconduct is witnessed by their fellow officers.

119.    The CITY has also been deliberately indifferent to the Chicago Police Department's failure to properly use, maintain, and monitor Chicago police dashboard video and audio recording equipment. The CITY has failed to supervise its police officers in using this equipment properly, and failed to investigate and discipline instances of officers disabling, destroying, or failing to record save these recordings. Chicago police officers know they can disable the equipment, fail to upload the recordings from their shift, or simply move off camera to commit misconduct, without suffering any discipline or consequences. Thus, as a result of the CITY's deliberate indifference, Chicago police officers who use excessive force are also unconcerned about their misconduct being caught on their police vehicle's recording equipment.

120.    The CITY has long been aware that restraint techniques that cut off the breathing of a detainee are illegal and could cause a detainee's death. However, this technique is still being used by Chicago police officers to control struggling suspects, and those officers are not being appropriately trained or disciplined regarding this illegal and deadly use of force.

121.    According to City of Chicago statistics, since its inception in 2007, the City of Chicago's Independent Police Review Authority (IPRA) has investigated more than 400 police shootings and other in-custody deaths and found the police officers' conduct during these incidents to be justified in almost every case.

122.    Even when IPRA investigators find police officer misconduct, Defendant CITY, through its chosen IPRA supervisors, refused to make findings against Chicago police officers involved in civilian deaths, and have instead ordered IPRA investigators to change their findings and reports to hide police officer misconduct from public scrutiny and oversight.

123.    Even after a jury found has found that a Chicago police officer has used excessive force on a citizen, Defendant CITY did not impose discipline based on the jury's findings. For

example, in 2009, a jury found that Officer Jason Van Dyke had used excessive force on a citizen and awarded that citizen $350,000.00 in damages. Officer Van Dyke was not disciplined as a result of the jury's findings and thus, was led to believe that he could commit acts of excessive force with impunity. Five years later, Van Dyke killed Laquan McDonald.

124.    The City of Chicago's Police Accountability Task Force has found that "[the Independent Police Review Authority] is badly broken .... Cases go uninvestigated, the agency lacks resources and IPRA's findings raise troubling concerns about whether it is biased in favor of police officers. Up until recently, the agency had been run by former law enforcement, who allowed leadership to reverse findings without creating any record of the changes."

125.    As a direct result of the aforementioned failures by Defendant CITY to adequately investigate officer-involved civilian deaths and to take appropriate disciplinary action against its police officers, Defendant OFFICERS were led to believe their actions would never be scrutinized or punished, and in that way, Defendant CITY directly encouraged the abuses such as the unlawful use of force that caused the death of FRANCISCO MARCHAN.

WHEREFORE, plaintiff ALICIA SANCHEZ, in her capacity as Special Administrator of the Estate of FRANCISCO MARCHAN deceased, demands judgment against individual defendants in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs.


BY: */s/ Samuel Shim*
One of the Attorneys for Plaintiff

Samuel S. Shim
Frank X. Vasquez
Attorneys for Plaintiff
3501 Algonquin Road, Suite 600
Rolling Meadows, IL 60008
(847) 427-0033
Atty No. 48558